IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EVERETT HOOKS                                                 PLAINTIFF

vs.                                Civil No. 6:12-cv-06126

CAROLYN W. COLVIN                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Everett Hooks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff protectively filed his disability application on June 3, 2010. (Tr. 12, 95-98). Plaintiff alleges being disabled due to a heart attack, degenerative joint disease, a brain hemorrhage, numbness on left side of his body, and high blood pressure. (Tr. 110). Plaintiff alleges an onset date of June 1, 2003. (Tr. 12, 95). This application was denied initially and again upon reconsideration. (Tr. 40-41). Thereafter, Plaintiff requested an administrative hearing on his application, and this

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

hearing request was granted. (Tr. 53-54, 22-39).

This hearing was held on September 23, 2011 in Jonesboro, Arkansas. (Tr. 22-39). Plaintiff was present at this hearing and was represented by Mike Sherman. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clam testified at the hearing in this matter. *Id.* During this hearing, Plaintiff testified he was forty-nine (49) years old. (Tr. 25). Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). Plaintiff also testified he had only completed the sixth grade in school. (Tr. 26).

On November 21, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 9-18). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 3, 2010, his application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: heart attack, degenerative joint disease, brain hemorrhage, left sided numbness, and hypertension. (Tr. 14, Finding 2). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-17, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can only occasionally reach with his non-dominant upper extremity. The claimant cannot be exposed to extreme heat.

*Id.* "Light work" is defined as follows:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b) (2010).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform his PRW as a farm worker. (Tr. 17, Finding 5). The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 17-18, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 18, 32-39).

Considering a hypothetical individual with Plaintiff's RFC, age, work experience, and other limitations, the VE testified that person could perform the requirements of representative occupations such as janitorial worker with 8,000 such jobs in Arkansas and 800,000 such jobs in the United States and machine operator with 4,900 such jobs in Arkansas and 350,000 such jobs in the United States. (Tr. 18). Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, and Plaintiff had not been under a disability as defined in the Act from June 3, 2010 (application date) through November 21, 2011 (ALJ's decision date). (Tr. 18, Finding 10).

Thereafter, on November 23, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). The Appeals Council denied this request for review on October

3

25, 2012. (Tr. 1-3). On November 19, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 29, 2012. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ improperly assessed the credibility of his subjective complaints; (2) the ALJ did not properly develop the record when he assessed Plaintiff's RFC; and (3) the ALJ improperly found his Step Five determination was supported by the *Dictionary of Occupational Titles*. ECF No. 10 at 1-15. Upon review, the Court finds Plaintiff is correct in his argument that the VE's testimony conflicts with the *Dictionary of Occupational Titles*. Thus, only this issue will be addressed.

At Step Five of the Analysis, the VE identified two occupations Plaintiff retained the capacity of performing: (1) janitorial worker (D.O.T. 323.687-014) and (2) machine operator (D.O.T. 920.665-010). (Tr. 18). Based upon the job descriptions of these occupations in the *Dictionary of Occupational Titles* and its supplement, *Selected Characteristics of Occupations,* the occupation of janitorial worker requires "frequent" reaching while the occupation of machine operator requires "constant" reaching. According the ALJ's RFC determination, Plaintiff can only "occasionally reach with his non-dominant upper extremity." (Tr. 14, Finding 4). Thus, Plaintiff can neither perform "frequent" reaching nor "constant" reaching.

According to Social Security Ruling 00-4p, the ALJ has the responsibility of determining whether the VE's testimony is consistent with the *Dictionary of Occupational Titles* and *Selected Characteristics of Occupations*. If that testimony is not consistent with those publications, the ALJ then has a duty to resolve that conflict. *SSR* 00-4p ("our adjudicators must: [i]dentify and obtain a reasonable explanation for any conflicts . . . [e]xplain in the determination or decision how any conflict that has been identified was resolved"). Here, the ALJ did not recognize this conflict and did not resolve it. Instead, the ALJ stated the following: "Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 18). Because the ALJ erred in this determination, and improperly found the VE's testimony was consistent with the *Dictionary of Occupational Titles* and its companion publication, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. Thus, this case is reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 16th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE